CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 09 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER D. NELSON, )<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>P. ROWE, et al., )<br>　　Defendants. ) | Civil Action No. 7:07-cv-00158<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

　　This case is presently before the court on plaintiff's motion for injunctive relief. Plaintiff alleges that the defendants, two officers at Wallens Ridge State Prison, have threatened him; however, he does not allege that the defendants have injured him in any way. He seeks injunctive relief from this court prohibiting the defendants "from supervising . . . or working in the segregation unit" where plaintiff is housed, prohibiting defendants from "issuing any disciplinary infractions against plaintiff," and prohibiting defendants "from any area of housing where plaintiff may be housed while assigned to Wallens Ridge State Prison."

　　A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek

Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief of some kind. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff alleges no facts indicating that these threats could or would be carried out. Accordingly, the harm plaintiff alleges is speculative, and speculative harm is not irreparable harm warranting injunctive relief. Thus, plaintiff's allegations, even if proven, do not satisfy the "balance of hardships" test. Accordingly, plaintiff's request for injunctive relief will be denied.*

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff and to each defendant or counsel of record for each defendant, if known.

ENTER: This 3rd day of April, 2007.

_____
United States District Judge

---

* Insofar as plaintiff's request for injunctive relief includes a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.